J-S53043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CALVIN MITCHELL | : | |
| | : | |
| Appellant | : | No. 549 EDA 2018 |

Appeal from the PCRA Order January 31, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0106351-1996

BEFORE: GANTMAN, P.J., OTT, J., and PLATT*, J.

JUDGMENT ORDER BY GANTMAN, P.J.: **FILED SEPTEMBER 25, 2018**

Appellant, Calvin Mitchell, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which denied his fifth petition brought pursuant to the Post-Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546. On February 10, 1997, a jury convicted Appellant of robbery, aggravated assault, possession of an instrument of crime, and conspiracy. The court sentenced Appellant on September 5, 1997, to an aggregate term of 27½ to 55 years' imprisonment. On August 26, 1999, this Court affirmed the judgment of sentence; our Supreme Court denied allowance of appeal on February 18, 2000. *See Commonwealth v. Mitchell*, 745 A.2d 43 (1999) (unpublished memorandum), *appeal denied*, 561 Pa. 691, 751 A.2d 187 (2000). Between 2000 and 2013, Appellant litigated multiple PCRA petitions without success.

_____

* Retired Senior Judge assigned to the Superior Court.

On June 21, 2016, Appellant filed *pro se* the current PCRA petition that argued the court erred by not merging aggravated assault and robbery for sentencing purposes. The PCRA court appointed counsel on January 4, 2017. Appellant filed an amended *pro se* PCRA petition on May 23, 2017, which argued he was entitled to have his appeal rights for his first PCRA petition reinstated *nunc pro tunc* under **Commonwealth v. Burton**, 638 Pa. 687, 158 A.3d 618 (2017). That same day, counsel filed a **Turner/Finley**[1] no-merit letter and a motion to withdraw. On June 23, 2017, the PCRA court issued notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907. Appellant responded *pro se* on July 7, 2017. On October 31, 2017, counsel filed a second **Turner/Finley** letter and motion to withdraw, after reviewing Appellant's response to the Rule 907 notice. The PCRA court again issued Rule 907 notice on December 28, 2017; Appellant responded *pro se* on January 10, 2018. On January 31, 2018, the PCRA court denied relief and granted counsel's motion to withdraw. Appellant timely filed a *pro se* notice of appeal on February 13, 2018. On February 21, 2018, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant timely complied on March 7, 2018.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016). A PCRA

_____

[1] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances that excuse the late filing of a petition; a petitioner asserting a timeliness exception must file a petition within 60 days of when the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant's judgment of sentence became final on or about May 18, 2000, following the 90 days for filing a petition for *certiorari* with the United States Supreme Court. **See** U.S.Sup.Ct.R. 13. Appellant filed the current *pro se* PCRA petition on June 21, 2016, more than 16 years after his judgment of sentence became final, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Nevertheless, Appellant attempts to invoke the newly discovered facts exception per Section 9545(b)(1)(ii). Specifically, Appellant argues he filed his amended PCRA petition within 60 days of our Supreme Court's decision in **Burton**, which states the presumption that matters of public record are deemed known does not apply to *pro se* prisoners. New case law, however, does not satisfy the new-facts exception to the PCRA time-bar. **See Commonwealth v. Watts**, 611 Pa. 80, 23 A.3d 980 (2011) (stating

judicial determinations are not "facts" within meaning of Section 9545(b)(1)(ii)). Therefore, Appellant's petition remains time-barred, and the PCRA court lacked jurisdiction to review it on the merits. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/25/18